UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIGILANT CANINE SERVICES
INTERNATIONAL, LLC,

                                        NO. CIV. S-12-01271 LKK/JFM

          Plaintiff,

     v.

MICHAEL MORGAN and DOES 1
through 50, inclusive,

          Defendants.
_____/

     Plaintiff sues its former employee, Michael Morgan, alleging
fraud and breach of contract.  The case was originally filed in
Tehema County Superior Court, and was removed to this court on the
basis of diversity jurisdiction. Pending before the court is a
motion by plaintiff to remand the case and a motion by defendant to
dismiss the complaint for lack of personal jurisdiction, or in the
alternative to transfer venue.

                         **I. Background**

     Plaintiff's original complaint alleged breach of contract,
breach of the covenant of good faith and fair dealing, fraud, and

1

1  unfair  business  practices.  Plaintiff  sought  injunctive  and
2  declaratory  relief,  damages  totaling  more  than  $75,000,  and
3  attorneys fees.  As noted, defendant removed it to this court on
4  the basis of diversity jurisdiction.  Following removal, plaintiff
5  voluntarily dismissed his unfair business practices claim, as well
6  as  his  claims  for  injunctive  and  declaratory  relief,  treble
7  damages,  and  attorneys  fees.  Thus,  the  remaining  claims  are  for
8  breach of contract, breach of the covenant of good faith and fair
9  dealing, and fraud.  Plaintiff asserts that by virtue thereof the
10 claims is below seventy five thousand dollars.

11      Plaintiff  alleges  that  it  operates  a  business  in  California
12 that trains dog handlers and acquires, trains and deploys dogs used
13 for  security.  Defendant  owns  or  owned  a  similar  business,  Mid-
14 Michigan Kennels, in the State of Michigan.

15      Plaintiff  alleges  that  in  May  2011,  the  plaintiff  and
16 defendant agreed  that defendant Morgan would be hired by plaintiff
17 as  plaintiff's  Michigan  State  Director,  and  that  some  of
18 defendants' business operations would be turned over to plaintiff.
19 Morgan  signed  a  "Restriction  on  Competition  Agreement."  That
20 agreement prohibits Morgan from competing with Vigilante Canine
21 Services,  and  from  soliciting  any  past  or  present  customer  or
22 employee of the company upon termination of the employment. The
23 Agreement  also  provides  that  Morgan  would  not,  during  the
24 employment relationship and for two years following "conduct a like
25 business  within  a  geographic  area  where  there  are  any  Company
26 offices  and/or  facilities,  or  in  any  country  where  VCS  has

1  operations or contacts." Compl. Ex. 1.

2     Sometime in August or September, doubts arose among VCS
3  management about Morgan's job performance. Morgan resigned from VCS
4  in October 2011. Plaintiff alleges that during his employment with
5  VCS and after, Morgan competed with VCS in Michigan.

6                          **II. Standards**

7  **A. Standard for a Motion to Remand**

8     The removing defendant always has the burden of establishing
9  federal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th
10 Cir. 1992). Upon removal, the district court must determine whether
11 it has subject matter jurisdiction and, if not, it must remand.
12 <u>Lyons v. Alaska Teamsters Employer Serv. Corp.</u>, 188 F.3d 1170, 1171
13 (9th Cir. 1999). "The strong presumption against removal
14 jurisdiction means. . . that the court resolves all ambiguity in
15 favor of remand to state court." <u>Hunter v. Philip Morris USA</u>, 582
16 F.3d 1039, 1042 (9th Cir. 2009).

17 **B. Standard for a Motion to Dismiss for Lack of Personal**
18 **Jurisdiction**

19    When a defendant challenges the sufficiency of personal
20 jurisdiction, the plaintiff bears the burden of establishing that
21 the exercise of jurisdiction is proper. <u>Sinatra v. National</u>
22 <u>Enquirer, Inc.</u>, 854 F.2d 1191, 1194 (9th Cir. 1988). In meeting
23 this burden, "[t]he plaintiff cannot simply rest on the bare
24 allegations of its complaint, but uncontroverted allegations in the
25 complaint are taken as true." <u>CollegeSource, Inc. v. AcademyOne</u>,
26 Inc., 653 F.3d 1066, 1073 (9th Cir. 2011); however, allegations in

                                     3

1  a pleading which are contradicted by an affidavit are not assumed

2  to be true. <u>Data Disc, Inc. v. Sys. Tech. Assocs.</u>, Inc., 557 F.2d

3  1280, 1284 (9th Cir. 1977). Factual disputes are resolved in the

4  plaintiff's favor. <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154

5  (9th Cir. 2006).

6  **C. Standard for a Motion to Transfer**

7      Transfer is discretionary, but is governed by certain factors

8  specified in 28 U.S.C. § 1404(a) and relevant case law.  The burden

9  is on the party seeking transfer to show that when these factors

10 are applied, the balance of convenience between the parties clearly

11 favors transfer. <u>Futures Trading Comm'n v. Savage</u>, 611 F.2d 270,

12 279 (9th Cir. 1979); see also <u>Los Angeles Memorial Coliseum Comm'n</u>

13 <u>v. National Football League</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981),

14 aff'd, 726 F.2d 1381, 1399 (9th Cir. 1984). It is not enough for a

15 defendant merely to show that it prefers another forum nor will

16 transfer be ordered if the result is merely to shift the

17 inconvenience from one party to another. <u>Van Dusen v. Barrack</u>, 376

18 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The district

19 court has broad discretion "to adjudicate motions for transfer

20 according to an 'individualized, case-by-case consideration of

21 convenience and fairness.'" <u>Jones v. GNC Franchising, Inc.</u>, 211

22 F.3d 495, 498 (9th Cir. 2000) (quoting <u>Stewart Org. v. Ricoh Corp.</u>,

23 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)); see also

24 <u>Westinghouse Elec. Corp. v. Weigel</u>, 426 F.2d 1356, 1358 (9th Cir.

25 1970).

26 ////

1                          **III. Analysis**

2 **A. Remand**

3      Plaintiff argues that remand is appropriate because, as a

4 result of plaintiff's voluntary dismissal of some claims, the

5 amount in controversy no longer exceeds $75,000.

6      28 U.S.C. 1441 provides that an action brought in state court

7 "of which the district courts of the United States have original

8 jurisdiction, may be removed by the defendants" to federal district

9 court. Whether this court has original jurisdiction over a matter

10 is determined from the face of the pleadings, so long as the sum

11 claimed is made in good faith. St. Paul Mercury Indem. Co. v. Red

12 Cab Co., 303 U.S. 283, 288 (1938). "Events occurring subsequent to

13 the institution of suit which reduce the amount recoverable below

14 the statutory limit do not oust jurisdiction." Id. at 289-90.

15 Specifically, "though. . . the plaintiff after removal. . . reduces

16 the claim below the requisite amount, this does not deprive the

17 district court of jurisdiction." Id. See also, Albinqia

18 Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931 (9th Cir.

19 2003);

20 O'Connor-Rose v. J.P. Morgan Chase, N.A., 2012 U.S. Dist. LEXIS

21 35279 (E.D. Cal. 2012)(remand is inappropriate even where plaintiff

22 abandons a request for injunctive relief, reducing the amount in

23 controversy to below $75,000).

24      Because plaintiff premises its remand motion on its conduct

25 subsequent to removal the motion to remand is DENIED.

26 ////

**B. Personal Jurisdiction**

Defendant argues that the complaint must be dismissed because this court lacks personal jurisdiction over him.

The plaintiff bears the burden of establishing that jurisdiction exists. Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). "The district court's determination of personal jurisdiction is made by examination of the forum state's law." Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984). California's long-arm statute permits the exercise of jurisdiction so long as it is not inconsistent with the state or federal constitution. "Thus the statutory limitations upon jurisdiction are 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1286 (9th Cir. 1977). See also Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218 (9th Cir. 2011). Generally, due process permits the exercise of personal jurisdiction where the "defendant [has] certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. at 316.

**i. General Jurisdiction**

A court has general personal jurisdiction over a party if that party's "activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Plaintiff here does not

1  appear to argue that this court has general personal jurisdiction
2  over defendant, and the court concludes that it does not.
3  Accordingly, the court will turn to the applicable three-part test
4  to determine whether the court may exercise specific personal
5  jurisdiction over defendant for this action.

6  **ii. Specific Jurisdiction**

7       The applicable three-part test is an "evaluation of the nature
8  and quality of the defendant's contacts in relation to the cause of
9  action." <u>Data Disc, Inc. v. Systems Technology Associates, Inc.</u>,
10  557 F.2d 1280, 1287 (9th Cir. 1977). If the contacts and the cause
11  of action are sufficiently related, this court may exercise
12  specific jurisdiction over the parties if it is reasonable to do
13  so. The test is as follows: "(1) [defendant] must have performed
14  some act or consummated some transaction with the forum by which it
15  purposefully availed itself of the privilege of conducting business
16  in [California]; (2) [plaintiff's] claims must arise out of or
17  result from [defendant's] forum-related activities; and (3) the
18  exercise of jurisdiction must be reasonable." <u>Rio Props. v. Rio</u>
19  <u>Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir. 2002).

20  **a. Purposeful Availment**

21       Plaintiff asserts that defendant purposefully availed himself
22  of the privilege of conducting business in California by
23  negotiating and executing an employment agreement in California, by
24  agreeing to generate business contracts that would be executed in
25  California, and by agreeing to transfer existing clients to
26  plaintiff in exchange for a commission. Plaintiff argues that by

7

1   engaging in these acts, defendant "purposefully directed his
2   foreign acts that had an effect in California." Pl.'s Opp'n at 5,
3   ECF No. 13.

4        Where the causes of action arise from a contract between the
5   parties "the mere existence of a contract with a party in the forum
6   state does not alone constitute sufficient minimum contacts for
7   jurisdiction." Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir.1990)
8   (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)).
9   "Instead the Court must look to 'prior negotiations and
10  contemplated future consequences, along with the terms of the
11  contract and the parties' actual course of dealing' to determine if
12  the defendant's contacts are 'substantial' and not merely 'random,
13  fortuitous, or attenuated.'" Id. at 1362 (internal citations
14  omitted). The "solicitation of business in the forum state that
15  results in business being transacted or contract negotiations will
16  probably be considered purposeful availment." Sinatra v. National
17  Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. Cal. 1988)(citing
18  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th
19  Cir. 1986)). "Thus where the defendant deliberately has engaged in
20  significant activities within a State or has created continuing
21  obligations between himself and residents of the forum, he
22  manifestly has availed himself of the privilege of conducting
23  business there, and because his activities are shielded by the
24  benefits and protections of the forum's laws it is presumptively
25  not unreasonable to require him to submit to the burdens of
26  litigation in that forum as well." Burger King Corp. v. Rudzewicz,

8

1  471 U.S. 462, 475-476 (1985).

2  Nonetheless, "if the question is whether an individual's contract

3  with an out-of-state party alone can automatically establish

4  sufficient minimum contacts in the other party's home forum, we

5  believe the answer clearly is that it cannot." Id. Factors such as

6  "prior negotiations and contemplated future consequences, along

7  with the terms of the contract and the parties' actual course of

8  dealing -- that must be evaluated in determining whether the

9  defendant purposefully established minimum contacts within the

10 forum." Id.

11      With respect to prior negotiations, it is relevant whether it

12 was the plaintiff or the defendant who made the "predominant

13 efforts" to initiate the contract. Roth v. Garcia Marquez, 942 F.2d

14 617 (9th Cir. 1991). Here, based on the complaint and on the

15 declaration of VCS CEO Buck Dikes, it appears that it was plaintiff

16 who initiated the contract. The complaint alleges that "Plaintiff

17 wished to grow its business in Michigan, and therefore plaintiff

18 offered to acquire defendant's business." Compl. 2. In his

19 declaration, Mr. Dikes states "By letter dated April 26, 2011, I,

20 on behalf of the company, extended a detailed offer of employment

21 to Michael Morgan." Decl. Dikes 1.

22      Moreover, the employment agreement itself does not contemplate

23 any future conduct by defendant in California. The agreement

24 provides that defendant will serve as "Michigan State Director" for

25 the company, and that he will "be responsible for company. . .

26 programs and sales. . . in the state of Michigan," and will be

9

1  "responsible for all VCSi employees in the State of Michigan." Ex.

2  A to Decl. Dikes. The court concludes that these factors weigh

3  against a finding of minimum contacts sufficient to establish this

4  court's personal jurisdiction over defendant.

5  **b. Claims arising from the forum-related activities.**

6  Although the court has concluded that the mere signing of a

7  contract with a California-based company does not give rise to the

8  court's personal jurisdiction over defendant, the court notes that

9  the claims in this case do arise from that contract.

10  **c. Reasonableness of the exercise of jurisdiction**

11  The Ninth Circuit has "set forth a congeries of factors to be

12  considered in determining whether the exercise of jurisdiction over

13  a nonresident defendant satisfies the reasonableness test: 1) the

14  extent of the defendant's purposeful interjection into the forum

15  state's affairs; 2) the burden on the defendant; 3) conflicts of

16  law between the forum and defendant's home jurisdiction; 4) the

17  forum's interest in adjudicating the dispute; 5) the most efficient

18  judicial resolution of the dispute; 6) the plaintiff's interest in

19  convenient and effective relief; and 7) the existence of an

20  alternative forum." Since none of these factors is dispositive, we

21  must balance the seven. <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 623

22  (9th Cir. 1991).

23  Here, defendant's interjection into California's affairs is

24  minimal; defendant was employed by a business based in California

25  and signed an employment agreement here. Defendant is an individual

26  who resides in Michigan and does not travel to California, while

1 plaintiff is a business with operations in Michigan. There are no
2 asserted conflicts of law. The alleged breach took place in
3 Michigan. The complaint alleges that defendant interfered with
4 plaintiff's business relationship with the Police Department of
5 Grand Ledge Michigan. An alternative forum, the Western District of
6 Michigan, is available. Balancing these factors, the court finds
7 that the exercise of personal jurisdiction over defendant would be
8 unreasonable.

9       Accordingly, based on the three-prong test for specific
10 personal jurisdiction, this court concludes that it does not have
11 personal jurisdiction over defendant Michael Morgan. However, the
12 court will transfer the case to the appropriate venue rather than
13 dismiss it.

14 **C. Transfer of Venue**

15      Under Federal Rule of Civil Procedure § 1404(a), the court may
16 transfer an action to another district: (1) for the convenience of
17 the parties; (2) for the convenience of the witnesses, and (3) in
18 the interest of justice provided that the action might have been
19 brought in the transferee court. 28 U.S.C. § 1404(a).

20      An action may not be transferred to a district where venue
21 would have been improper if it had originally been filed there.
22 Once the court determines that venue would be proper in the
23 transferee district, it must determine whether the action should be
24 transferred to that district.

25      In deciding whether to transfer on grounds of convenience and
26 in the interest of justice, the court may consider the following

1  eight factors, where relevant: (1) the location where the relevant
2  agreements were negotiated and executed; (2) the state that is most
3  familiar with the governing law; (3) the plaintiff's choice of
4  forum; (4) the respective parties' contacts with the forum; (5) the
5  contacts relating to the plaintiff's cause of action in the chosen
6  forum; (6) the differences in the cost of litigation in the two
7  forums; (7) the availability of compulsory process to compel
8  attendance of unwilling non-party witnesses; and (8) the ease of
9  access to sources of proof. <u>Jones v. GNC Franchising, Inc.</u>, 211
10 F.3d 495, 498-99 (9th Cir. 2000). The court should also consider
11 the relevant public policy of the forum state. <u>Id.</u>

12     Several of the factors have already been discussed above as
13 part of the court's personal jurisdiction analysis. The agreement
14 was negotiated in California.  It is likely that the breach of
15 contract claim, since it is premised on acts in Michigan, are
16 likely to require application of Michigan law. The plaintiff's
17 choice of forum was in California. Defendant's contacts relating
18 the cause of action are quite minimal. The cost of litigating in
19 California appears likely to be higher, since all of the alleged
20 conduct occurred in Michigan. Similarly, access to sources of proof
21 would be easier in Michigan, where the conduct occurred.

22     Balancing these factors, the court concludes that this action
23 should be transferred to the U.S. District Court for the Western
24 District of Michigan.

25                        **IV. Conclusion**

26     For the foregoing reasons, the court ORDERS as follows:

                                12

1          [1] Plaintiff's Motion to Remand, ECF No. 12, is DENIED.

2          [2] Defendant's Motion to Dismiss or, in the Alternative

3          to Transfer Venue, ECF No. 7, is GRANTED in part and

4          DENIED in part. The case is TRANSFERRED to the U.S.

5          District Court for the Western District of Michigan.

6     IT IS SO ORDERED.

7     DATED:   July 13, 2012.

8

9

10                              LAWRENCE K. KARLTON
11                              SENIOR JUDGE
12                              UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26